**In re Robert J. VITAGLIANO, Debtor.**

**No. 03–18062K.**

United States Bankruptcy Court,
W.D. New York.

Dec. 2, 2003.

Morree M. Levine, Niagara Falls, NY, for Debtor.

MICHAEL J. KAPLAN, Bankruptcy Judge.

 The question is whether a person's attorney-in-fact may effectively commence a bankruptcy case concerning the person. The attorney-in-fact here is the individual's mother. The individual is cur-

rently incarcerated. His counsel argues that under state law, his mother's signature as his attorney-in-fact suffices to constitute his signature on a document. That, however, does not answer the question before the Court. Clearly it is not for the State of New York to prescribe what constitutes the satisfaction of the requirement of 11 U.S.C. § 301 which states that "A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter *by an entity that may be a debtor under such chapter.*" [Emphasis added.] Rather, compliance with the federal statute in this instance must be gauged by the Bankruptcy Law and Rules prescribed by the Congress and by the United States Supreme Court. This analysis must begin with Bankruptcy Rule 9009 which states, in part, that "The Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate." Official Form No. 1, the form for a "Voluntary Petition" requires the "Signature of Debtor."

Next, this should be contrasted with Bankruptcy Rule 1004.1, which states that

> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or who shall make any other order to protect the infant or incompetent debtor.

It is clear that when the Rules Committee, Supreme Court of the United States, and Congress wished to invest authority in an attorney-in-fact to do certain things in a bankruptcy case, it knew how to do so. Thus, Bankruptcy Rule 9010(c) states "Power of Attorney. The authority of any agent, attorney in fact, or proxy to represent a *creditor* for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form." [emphasis added.]

■ This Court concludes from the above, that a voluntary case is not commenced when the petition is filed by someone other than the debtor, except as allowed by Rule 1004.1 regarding an infant or incompetent person.

■ Counsel also argues that this writer must recuse himself from deciding this matter because, among other things, this writer made himself a "party" to this proceeding by bringing this matter on by means of a *sua sponte* Order to Show Cause why the case should not be dismissed *ab initio.* Though this writer understands the purist notion that a judge should decide only such disputes as are brought before the Court by parties in interest, Congress has unequivocally legislated otherwise as to bankruptcy judges and bankruptcy cases. It did so on October 27, 1986, when it added this sentence to 11 U.S.C. § 105(a): "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." All of the judges of this court regularly sign *sua sponte* Orders to Show Cause to Dismiss *Ab Initio,* petitions that are "fatal-

ly" defective, which is to say, petitions that do not in fact commence a bankruptcy case. We have done so since 1993, when Bankruptcy Rule 5005(a) was amended to add the following sentence: "The clerk [of the Bankruptcy Court] shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices." Once that became law, and until recent changes to accommodate electronic case filing, petitions containing fatal defects were brought directly from the Clerk to the Judge and the Judge would either order the Clerk not to file the document or issue the kind of Order to Show Cause to strike *ab initio* that is used here, in order to afford the tendering party notice and an opportunity to be heard. The introduction of electronic case filing has caused the Court's procedures to change such that even "fatal" defects are not brought to the Judge's attention until a case number has been assigned and the initial routine case processing has begun (such as the appointment of a trustee).

Consequently, the Court is now signing a great deal more of these Orders to Show Cause. Indeed, in one week, the present one was joined by two others signed by this writer. One purported to put a debtor, his wife and their corporation into bankruptcy under one petition. This is a fatal defect, but one that we permit to be corrected by an amendment to the caption and service of the amendment on all parties in interest. The other was a *pro se* filing in which the petition filed by the debtor was not signed by anyone. That case was dismissed *ab initio* at hearing.

Other "fatal defects" include (but are not limited to) non compliance with rule 1006(a) which states that "Every petition shall be accompanied by the filing fee ex-cept [in accordance with the installment fee application process];" the filing of a "joint" petition by persons who are not married and therefore do not comply with 11 U.S.C. § 302 (such as where it is clear from the petition that the "joint" debtors are siblings); and petitions in which the residence information contained on the petition is jurisdictionally faulty or where the choice of "chapter" has not been made on the petition.

We use our *sua sponte* powers under 11 U.S.C. § 105 to address such cases immediately after they are filed, because it serves no one well to have a case or estate being administered, or parties thinking themselves "stayed," only to find out later that the petition failed to "commence" the case in accordance with law. We, consequently, do not wait for the motion to be made by a case trustee, the United States Trustee, or a secured creditor whose foreclosure sale was halted or placed into the limbo of uncertain effectiveness by the filing of a defective petition.

This case is dismissed *ab initio*, without prejudice, of course, to refiling with the proper signature of the debtor. The Court would note, however, that if the incarcerated debtor is unable to appear for examination, the new case might suffer a dismissal (though not a dismissal *"ab initio"*).

SO ORDERED.